■ MADISON AVENUE CAVIARTERIA, Appellant, v HARTFORD STEAM BOILER INSPECTION & INSURANCE COMPANY et al., Respondents. [770 NYS2d 728]—Motion by the respondent TMP Acquisitions Co., Inc., for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated December 5, 2001, which was determined by decision and order of this Court dated June 9, 2003 (306 AD2d 327).

Upon the papers filed in support of the motion, and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated June 9, 2003, in the above-entitled appeal, is recalled and vacated and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Mason, J.), dated December 5, 2001, as denied those branches of its motion which were for leave to renew the separate motions of the defendants Hartford Steam Boiler Inspection & Insurance Company, Emerson Electric Company/White-Rodgers Division, ABCO Refrigeration Supply Corp., Justin Time Refrigeration, Inc., and Miljoco Corporation to dismiss the complaint insofar as asserted against them based upon the plaintiff's spoliation of evidence, which were granted by order of the same court dated May 31, 2001, and that branch of the sep-

arate motion of the defendant TMP Acquisitions Co., Inc., which was to dismiss the complaint insofar as asserted against it based upon the plaintiff's spoliation of evidence, which was granted in an order of the same court dated March 20, 2001.

Ordered that the appeal from so much of the order as denied those branches of the motion which were for leave to renew the separate motions of the defendants Hartford Steam Boiler Inspection & Insurance Company, Emerson Electric Company/ White-Rogers Division, ABCO Refrigeration Supply Corp., Justin Time Refrigeration, Inc., and Miljoco Corporation is dismissed as academic in light of our determination in *Madison Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co.* (2 AD3d 797 [2003] [decided herewith]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the plaintiff's motion which was for leave to renew that branch of the motion of the defendant TMP Acquisitions Co., Inc., which was to dismiss the complaint based upon the plaintiff's spoliation of evidence is granted, upon renewal, that branch of the motion of the defendant TMP Acquisitions Co., Inc., is denied, the order dated March 20, 2001, is vacated, so much of the judgment dated April 23, 2001, as was entered thereon, is vacated, and all pending cross claims and third-party actions asserted against TMP Acquisitions Co., Inc., are reinstated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The complaint insofar as asserted against TMP Acquisitions Co., Inc. (hereinafter TMP) was dismissed by order of the Supreme Court, Kings County, dated November 6, 2000. However, since TMP remained subject to certain cross claims and third-party actions it could properly move to dismiss the complaint (*see* CPLR 1008). Nevertheless, for the reasons stated in *Madison Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co.* (*supra*), the Supreme Court improperly granted the motion of the defendant TMP Acquisitions Co., Inc., to dismiss the complaint based upon the plaintiff's spoliation of evidence. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.